IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JEFFREY PAUL HOWE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:15-cv-00113-WKW-SRW |
| ) | |
| CITY OF ENTERPRISE, et al., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S SURREPLY TO DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

In their reply brief Defendants maintain that Plaintiff has "abandoned *all* of his claims" as stated in the Second Amended Complaint, including his claims brought pursuant to 11 U.S.C. §1983 for violations of his (1) Fourth Amendment rights (i.e., excessive force and malicious prosecution), (2) Second Amendment rights, and (3) his *Monell* claims for municipal and supervisory liability. (see doc. 62, p. 3) To be clear, Plaintiff has <u>not</u> abandoned any of his claims. The reason Plaintiff did not provide the typical line-item response to each of the issues posed by Defendant's motion to dismiss is fully discussed in Plaintiff's brief in opposition the Defendants' motion. (see doc. 59, pp. 8-14)[1]

---

[1] Defendants' motion to dismiss the Second Amended Complaint is fatally flawed in that it improperly rests on the position that the court should infer as true certain cherry-picked facts that Defendant's presented through extrinsic materials that are neither described or contained in the Second Amended Complaint. (see doc. 59, pp. 8-14)

1

Regardless, since Defendants' reply raises the prospect that Plaintiff abandoned his claims, Plaintiff previously defended the validity of his Fourth Amendment, Second Amendment, malicious prosecution and municipal/supervisory liability claims in Plaintiff's Opposition to Defendants' Motion to Dismiss the First Amended Complaint when the Defendant asserted almost identical arguments seeking dismissal on the basis of qualified immunity. (see doc. 30, pp. 12- 31)[2]  Plaintiff has not waived or abandoned these claims as evidenced by the thorough briefs and arguments presented by Plaintiff in response to Defendant's prior attempts at dismissal in this case. The only reason Plaintiff did not again restate those arguments and positions in response to Defendants' pending motion is that their motion, in its entirety, misapprehends the law and standards for seeking dismissal under Rule 12(b)(6) which Plaintiff discusses at length in his opposition to that motion.

For example, with regard to the sufficiency of Plaintiff's claims under the Fourth Amendment for illegal seizure and excessive force in Counts One and Two of the Second Amended Complaint [doc. 51, pp. 26-28], Plaintiff set out essentially the same allegations of fact and law as he previously stated in

---

[2] Portions of Plaintiff's First Amended Complaint made specific reference to underlying state court proceedings and documents and in Defendants Motion to Dismiss Plaintiff's First Amended Complaint, Defendants utterly distorted and misrepresented certain "facts" from those state court materials in their attempts to paint what was actually a welfare check regarding the possibility of a totally non-violent domestic disturbance at Plaintiff's home - where it was specifically reported that Plaintiff (like many Alabamians) had some guns in his house - into an alleged dangerous domestic violence call that actually *involved* guns.  The false version of the state court record set forth by Defendants led to Plaintiff's decision to omit from Plaintiff's Second Amended Complaint any reference to the state court proceedings in order to avoid any repeated attempt by Defendants to assert false and distorted facts relating to the circumstances relating to the call in question in its anticipated Rule 12(b)(6) motion seeking dismissal of the Second Amended Complaint.  However, Defendants again returned to referencing the same state court proceedings and to their same false and distorted version of facts in their pending motion, and instead of taking the bait again to even acknowledge the Defendants' statement of facts, Plaintiff filed his opposition brief based on the improper basis of Defendants' motion and its misapprehension of the law and legal standard for reviewing a Rule 12(b)(6) motion.

Counts One and Two of the First Amended Complaint [doc. 18].[3] As background, on May 13, 2015, the individual defendants moved to dismiss Plaintiff's First Amended Complaint, including the dismissal of Plaintiff's Fourth Amendment excessive force claims [doc. 24, pp. 31-58]. In their earlier motion and brief, the individual defendants presented essentially the same arguments as they do now regarding qualified immunity in support of their motion for dismissal of the excessive force claims. (see doc. 24, pp. 31-58, and doc. 55, pp. 6-20). On July 17, 2015, Plaintiff filed his Response in Opposition to Defendant's Motion to Dismiss Plaintiff's First Amended Complaint which provided Plaintiff's position and argument in response to all of Defendant's arguments, including their arguments that Plaintiff's qualified immunity regarding Plaintiff's excessive force claims regarding the shooting. (see doc. 30, pp. 12-24).

Likewise, in response to Defendants' earlier motion to dismiss the First Amended Complaint Plaintiff responded to each of the same arguments that Defendants now present to the Court in their current motion regarding Plaintiff's existing claims against the individual defendants for Second Amendment violations (see doc. 30, pp. 31- 33), federal and state malicious prosecution (see doc. 30, pp. 27-31), and against the City and supervisory

---

[3] Plaintiff alleged in Count Two of the Second Amended Complaint that the individual defendants violated Plaintiff's Fourth Amendment rights by unreasonably using deadly force after the defendants admittedly sneaked onto Plaintiff's porch in response to a routine non-violent domestic call; without identifying themselves as police; at 4 a.m.; with their guns drawn; and then shot Plaintiff when he answered the door holding a gun for his own protection.

defendants regarding Plaintiff's claims for unconstitutional customs, policies and supervision (see doc. 30, pp. 25-27).

Although Plaintiff continues in this surreply to rely on those arguments he set forth in his response to the Defendants' pending motion to dismiss as discussed above, since Defendants' reply claims Plaintiff has abandoned his claims, it is out of an abundance of caution that Plaintiff refers the court to those portions of his response to Defendants' prior motion to defeat Plaintiff's claims as described in the preceding paragraph, and Plaintiff incorporates the same arguments in opposition to Defendants' earlier motion to dismiss as if fully set out herein.

Done this the 6th day of March, 2018.

                                                          Respectfully submitted,

                                                          */s/Alan B. Lasseter*
                                                          ALAN B. LASSETER

LASSETER LAW FIRM, P.C.
2100 Morris Avenue
Birmingham, AL 35203
Telephone: (205)322-1411
Email: alan@lasseterlaw.com

CERTIFICATE OF SERVICE

      I, Alan Lasseter, certify that on March 6, 2018, I electronically served this document, via the CM/ECF system, upon:

James Pike
SHEALY, CRUM & PIKE,
P.C. P.O. Box 6346
Dothan, Alabama  36302-6346


                                                  _/s/ Alan Lasseter_